

W.C. Haley
(1912-1996)
Lyndon L. Olson, Sr.
(1925-2005)

Herbert S. Bristow
Blake Rasner
Leslie A. Palmer, Jr.
Charles D. Olson
Daniel A. Palmer
Shad Robinson
Craig D. Cherry
Joshua J. White
Michael W. Dixon
Brandon R. Oates
Lute S. Barber
Benjamin D. Evans

Of Counsel:
David E. Cherry
Richard J. Vander Woude

June 17, 2016

Honorable Sam Sparks
United States District Judge
Western District of Texas
Austin Division

Re:   Case No. 1:15-CV-1040-SS; *Robert Clinton Bucy v. Brent Stroman, Manuel Chavez, Abelino "Abel" Reyna, and John Doe*; In the United States District Court for the Western District of Texas, Austin Division

Dear Judge Sparks:

This letter brief is submitted in obedience to this Court's Order of June 3, 2016 on behalf of Defendants Chavez and Stroman.

**Whether a §1983 action and criminal suit predicated on the same facts may proceed simultaneously under any circumstances**

ANSWER: Allowing these civil and criminal proceedings to proceed simultaneously would be an abuse of discretion.

  A. <u>Nature of the Civil Cases.</u>   First, the nature of these suits must be pointed out. These civil cases are not simply *parallel* to the criminal charges and proceedings-they are *attacking* the criminal charges and proceedings. Civil cases that are parallel but do not attack the criminal matter include cases such as where a civil government action has been brought against a company at the same time an official of the company is under a criminal investigation, or where a police officer defendant is under a criminal investigation. Whereas the need for a stay in simply parallel cases is often analyzed using a list of factors---cases such as the ones before this Court are **by their very nature** stayed.

  B. <u>Such Civil Cases Should be Stayed</u>. A court should stay proceedings in a § 1983 case brought by a pretrial detainee until the related pending criminal charge is resolved. *See Mackey v. Dickson,* 47 F.3d 744, 746 (5th Cir.1995); *Busick v. City of Madison, Miss.*, 90 Fed. Appx. 713 (5th Cir. 2004) ("the district court ***should have stayed the proceedings in this civil action pending the resolution of the criminal charges against [plaintiff].***") (emphasis added).

It is sometimes argued that a false arrest claim does not necessarily impugn the validity of a conviction. However, both the Supreme Court and the Fifth Circuit have opined that a false arrest claim should be stayed until resolution of the criminal charges, as until that time it may be difficult to determine the relation between the two. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *Mackey*, 47 F.3d at 746. Indeed, in *Wallace* the Supreme Court broadened the authority to stay to properly include "any…claim related to rulings that will likely be made in a pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393. However, going beyond the fact that a stay should issue as a precautionary measure; it is difficult to imagine, even at this early stage, how the Plaintiffs' claims would not impugn the validity of a potential conviction. In essence, Plaintiffs' assertions are that they are innocent and that the Defendants knew or should have known that they were innocent, but trumped-up charges against them as part of a conspiracy.[1]

**If law enforcement officers would be prohibited from giving testimony in such a §1983 action**

Answer: Requiring law enforcement officers to testify would be an abuse of discretion.

A) <u>Introduction</u>. Initially, it must be pointed out that there is little authority involving cases such as the cases before this Court with regard to discovery issues <u>as the courts stay these types of cases</u>. Therefore, the cases involving discovery issues generally involve parallel, but not dependent civil and criminal cases.

B) <u>Stay not Equivocal</u>. The holdings that a court should stay a Section 1983 claim until resolution of the criminal charge refer to the *entire action*, not everything but deposing law enforcement officers. In fact, allowing the depositions of law enforcement officers, investigators or prosecutors is the antithesis of the comity policies and common sense purposes of such a stay. Therefore, allowing such discovery would violate the directive that a court should stay actions like the ones pending in this Court until resolution of the criminal charges.

C) <u>Use of Civil Discovery with Regard to Pending Criminal Matters</u>. As a matter of equity, public policy and comity, the subject of a criminal charge should not be allowed to pursue civil discovery relating to the criminal matter. *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 907 (S.D. Tex. 2008) ( "The civil action should also be stayed because Hoeffner, a criminal defendant, seeks discovery as a civil plaintiff. As a matter of equity and public policy, a criminal defendant may not institute a civil action to obtain discovery relating to the criminal case. (citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962), *cert. denied*, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963))".

---

[1] This includes, but is not limited to, assertions that probable cause was lacking because Defendants knew or should have known that Plaintiffs were not part of a criminal street gang and that Defendants knew or should have known that plaintiff's did not conspire to commit a crime---both elements of the crime charged; along with a global assertion that probable cause was lacking because Defendants knew or should have known that Plaintiffs were not engaging in criminal activity. Obviously, a favorable ruling for the Plaintiffs by this Court on any of these matters would impugn the validity of a criminal conviction.

D)   <u>Stay Undermined</u>. Such discovery would undermine the very purposes of a stay and create immeasurable difficulties and burdens. Two important purposes of a stay are judicial economy and the preservation of party resources. That is, a conviction in the criminal proceeding could obviate the need for the civil proceeding. Another purpose to avoid inconsistent rulings, both pre-trial and trial. Furthermore, discovery in civil and criminal cases is vastly different, and even in cases involving parallel proceedings not, as here, involving an attack on the criminal charges, the courts have cautioned that due regard to the interests of the government in the prosecution of the criminal case must be given. Proceeding with civil discovery can prejudice the prosecution or defense in the criminal case.

E)   <u>Qualified Immunity</u>. Allowing discovery would also require officers to testify in civil cases <u>where they are potential defendants</u>, and would be entitled to assert qualified immunity if made a defendant. **The Fifth Circuit has held that one of the most salient benefits of qualified immunity is protection from pre-trial discovery.** It would be damaging to the rights of officers to essentially require them to forgo this important protection. The forecast for any such discovery would be multiple discovery disputes that would have to be heard by this Honorable Court—as discovery would inevitably devolve into attempts to use the civil discovery process to conduct discovery for the criminal cases.

F)   <u>Law Enforcement or Investigatory Privilege</u>.  First, it must be recognized that there is little or no authority with regard to the law enforcement or investigatory privilege being addressed in the context of a plaintiff asserting a §1983 case *attacking an ongoing criminal investigation or prosecution*. <u>This is because courts stay the civil proceedings in such circumstances</u>. Therefore, the cases involving the privilege generally involve parallel, but not dependent civil and criminal cases. However, even in parallel but not dependent cases, courts have recognized the existence of the privilege. *See In re United States Department of Homeland Security*, 459 F.3d 565, 569-70 (5th Cir. 2006) (investigation files); *Skyeward Bound Ranch v. City of San Antonio* 2011 W.L. 572401* (W.D. Tex. 2011) (law enforcement privilege applied to depositions).[2] This privilege protects law enforcement from discovery about ongoing investigations and prosecutions.

**Whether suing a John Doe defendant within the limitations period preserves claims against that individual after the limitations period runs**

ANSWER: Not without a stay.

A.   <u>Without a Stay-No</u>. The Plaintiffs' argument is technically correct, as the Fifth Circuit has held that a failure to substitute for a "John Doe" within the limitations period based on a lack of knowledge of identity, as opposed to a misnomer or mistake, does not relate-back for limitations purposes. *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1996).

---

[2] Allowing the Plaintiffs to depose prospective State witnesses through the civil discovery process would prejudice the State because it would allow a Plaintiff "to gain advance notice of the witnesses' testimony in the criminal prosecution and an opportunity to shape his own testimony." *Dominguez*, 530 F.Supp.2d at 907. Allowing such discovery would "vitiate the rules of criminal discovery and establish a harmful incentive for future criminal defendants to file civil suits in order to avoid limitations imposed by the criminal discovery rules." *Id.*

B.  Stay. As stated by the Supreme Court in *Wallace*, one of the purposes of a stay in cases such as the ones at hand is to prevent the loss of a claim to limitations. The plaintiff generally must file the claim timely, but instead of dismissing the case as premature or on comity grounds, the stay preserves the claim. At the same time the stay prevents the plaintiff from proceeding with the filed civil rights suit pending resolution of the criminal charges. Because the Texas statute of limitations is borrowed in Section 1983 suits; federal courts also look to Texas' equitable tolling principles. *Rotella v. Pederson*, 144 F. 3d 892, 897 (5th Cir. 1998). Texas permits tolling of a statute of limitations during a period where a plaintiff is precluded from pursuing legal remedies due to the pendency of other legal proceedings. *Holmes v. Texas A&M Univ.*, 145 F. 3d 681, 684-85 (5th Cir. 1998). *See also Floyd v. Childs*, 1996 W.L. 407574*1-2 (N.D. Miss. 1996) (applying same state tolling principle of Mississippi to toll limitations against "John Doe" defendants. "Therefore, under the Court's calculations, the 571 days that this cause was formally stayed by order of this Court is excluded from the computation of the statute of limitations deadline."). The Fifth Circuit has previously noted that judicial stays toll limitations.

**The ability to take *Monell*-related discovery from a municipality if sued under these circumstances**

ANSWER: Allowing *Monell* discovery would be an abuse of discretion.

A)  Stay not Equivocal. The holdings that a court should stay a Section 1983 claim until resolution of the criminal charge refer to the *entire action*, not everything but *Monell* discovery. *Profit v. Ouachita Parrish*, 411 Fed. Appx. 708, 709 (5th Cir. 2011) (civil rights case attacking legality of arrest, prosecution and detention was correctly stayed pending resolution of the criminal charges). Therefore, allowing such discovery would violate the directive that a court should stay actions like the ones pending in this Court until resolution of the criminal charges. In addition, allowing such discovery would undermine the very purposes of a stay and would surely devolve into discovery disputes over attempts to gain an advantage in the criminal cases.

B)  Use of Civil Discovery with Regard to Pending Criminal Matters. Again, civil discovery should not be allowed to be used by a person facing criminal charges with regard to his or her criminal charges.

C)  Disregard of *Iqbal*. The doors of discovery cannot be unlocked until the plaintiff files a complaint meeting the standards of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1940 (2009). Boilerplate and conclusory allegations cannot give the plaintiff access to the discovery process. At this point the Plaintiffs haven't even reached the level of plaintiffs who have been denied discovery based on boilerplate allegations. Courts routinely reject boilerplate allegations of municipal liability with the hope of turning up some evidence of the claims made in discovery.

D)  The Reality. In reality, allegations of municipal liability *are almost always the product of pre-suit investigation*, and are supported by factual allegations, such as other instances of violations by the entity's officers, that the pre-suit investigation turns-up. As this Court has noted, the burden is not great, but some level of factual pleading is required to proceed. *Schaefer v. Whitted*, 121 F. Supp. 3d 701, 718-19 (W.D. Tex. 2015). Therefore, Plaintiffs' argument that they

must have discovery in order to make out a claim of municipal liability is actually an admission that they cannot state a claim of municipal liability in the first instance.

**HALEY & OLSON, P.C.**
Triangle Tower, Suite 600
510 North Valley Mills Drive
Waco, Texas 76710
Telephone:   (254) 776-3336
Telecopier:   (254) 776-6823

By: _/s/ Michael W. Dixon_
   CHARLES D. OLSON
   State Bar No. 15273200
   Email: colson@haleyolson.com
   MICHAEL W. DIXON
   State Bar No. 05912100
   Email: mdixon@haleyolson.com

   ATTORNEYS FOR DEFENDANTS,
   STROMAN and CHAVEZ

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been delivered to all parties of record, in compliance with the Court's ECF/CM system and/or Rule 5 of the Federal Rules of Civil procedure, on the 17th day of June, 2016 as follows:

| | |
|---|---|
| Don Tittle | F. Clinton Broden |
| Law Offices of Don Tittle, PLLC | Broden, Mickelsen, Helms & Snipes, LLP |
| 6301 Gaston Avenue, Suite 440 | 2600 State Street |
| Dallas, TX 75214 | Dallas, TX 75204 |
| *Lead Counsel for Plaintiff* | *Attorneys for Plaintiff* |

   _/s/ Michael W. Dixon_
   MICHAEL W. DIXON