## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT CLINTON BUCY | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION |
| | § | |
| BRENT STROMAN, MANUEL CHAVEZ, | § | NO. 1:15-CV-1040 |
| ABELINO "ABEL" REYNA | § | |
| and JOHN DOE | § | |
| Defendants. | § | |

### DEFENDANTS BRENT STROMAN AND MANUEL CHAVEZ'S
### REPLY IN SUPPORT OF MOTION TO DISMISS

Come now Defendants, Brent Stroman and Manuel Chavez and file this Reply in Support of Motion to Dismiss and show unto the Court as follows:

1.     <u>The Analysis is Straight-Forward</u>.  Plaintiff's Response attempts to muddy the waters in order to survive dismissal for failure to state a claim.  However, the analysis is actually straight-forward.

2.     <u>Effect of the Indictment</u>.  A grand jury indictment establishes probable cause.  *See Gerstein v. Pugh*, 420 U.S. 103, 11 n. 19, 95 S.Ct. 854 (1975); *Russell v. Altom*, 546 Fed. Appx. 432, 436 (5th Cir. 2013); *Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 652-53 (S.D. Tex. 2000).  The indictment renders moot any questions concerning the prior arrest and detention.  *See Casanova*, 119 F.Supp. 2d at 652.  That is, the indictment breaks the chain of causation between the officer and the alleged constitutional harm.  *See Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004); *Taylor v. Gregg*, 36 F.3d 453, 456-57 (5th Cir. 1994); *Russell*, 546 Fed. Appx. at 434; *Hale v. Clayton*, 198 F.3d 241 (5th Cir. 1999); *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010).  This is true even where the indictment is post-arrest.  *See Russell*, 546 Fed. Appx. at 434; *Taylor*, 36 F.3d at 456-57; *Hale* 198 F.3d at 241;

*Buehler v. City of Austin*, 2015 WL 737031*10 (W.D. Tex. 2015).  The only exception is where the plaintiff both pleads and proves that the individual defendant intentionally tainted the deliberations of the grand jury.  *See Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988).  Therefore, to state a claim Plaintiff would have to allege facts as to Chief Stroman and Officer Chavez regarding their involvement in the grand jury proceedings and how they intentionally tainted the grand jury.

       3.     <u>The Difference between Factual Allegations and Conclusions, Speculation and Surmise</u>.  This is where the Plaintiff's argument becomes confused. ***Plaintiff admits in his Complaint that he does not know <u>who</u> testified before the grand jury or <u>what</u> testimony was presented to the grand jury.***  However, Plaintiff then proceeds with a series of conclusions and guesses as to who *possibly* testified and what their testimony could have *possibly* been. Plaintiff argues that his conclusory speculation and surmise as to *who* testified before the grand jury and *what* they likely testified to is sufficient to survive dismissal.   However, unlike factual allegations, a court need not, and should not, accept conclusions and speculation as true for purposes of determining whether an action can survive dismissal.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009); *Plotkin v. IP Axess, Inc.*, 407 F. 3d 690, 696 (5th Cir. 2005).

       Plaintiff's assertions are exactly the type of formulaic, threadbare allegations that are insufficient under *Twombly/Iqbal*.  That is, to avoid the effect of the indictment Plaintiff must allege facts regarding actual involvement of each defendant in the grant jury proceedings and how each intentionally tainted those proceedings.  However, Plaintiff alleges *no involvement* of Chief Stroman in the grand jury proceedings – let alone what he individually did to taint the proceedings; and Plaintiff only speculates that Officer Chavez testified before the grand jury in the first instance, and then goes on to surmise that he gave false testimony.  These are conclusory

allegations and speculation masquerading as facts, and are made simply to fit the "formula" to avoid dismissal.

Interestingly, in attempting to distance his case from a case cited by the Defendants which dismissed a complaint for failure to allege any testimony by the defendant before the grand jury or tainting of the grand jury, Plaintiff actually exposes the futility of his complaint. Plaintiff notes that in the case sought to be distinguished, the plaintiff did not allege that the defendant testified before the grand jury and did not allege any tainting by the defendant. Plaintiff asserts that his action is distinguishable because he has *asserted* that Officer Chavez testified before and tainted the grand jury. However, Plaintiff's complaint is actually no different than the complaint in the case he seeks to distinguish because his conclusory guesses and speculation are insufficient and cannot be taken as true. *See Glaster v. City of Mansfield*, 2015 WL 852412*7 (W.D. La. 2015) (Where plaintiff did not plead involvement of officer in the grand jury proceedings or factually how he tainted the grand jury's deliberations; officer dismissed on qualified immunity grounds).

Again, Plaintiff clearly admits in his Complaint that he does not know who testified before the grand jury or the substance of their testimony. There is absolutely no precedent for a plaintiff being able to plead guesses as to who might have testified (and in Chief Stroman's case not address it at all), and guesses as to the substance of that testimony, and thereby state a claim overcoming the presumption of probable cause created by an indictment.

WHEREFORE, the above-premises considered, Movants respectfully request that Plaintiff's action be dismissed.

**HALEY & OLSON, P.C.**
510 North Valley Mills Drive, Suite 600
Waco, Texas 76710
Telephone:      (254) 776-3336
Telecopier:      (254) 776-6823


By:      */s/ Michael W. Dixon*
       CHARLES D. OLSON
       State Bar No. 15273200
       Email: colson@haleyolson.com
       MICHAEL W. DIXON
       State Bar No. 05912100
       Email:  mdixon@haleyolson.com


ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been delivered to all parties of record, in compliance with the Court's CM/ECF system and/or Rule 5 of the Federal Rules of Civil procedure, on the 6th day of July, 2016 as follows:


Don Tittle
Law Offices of Don Tittle, PLLC
6301 Gaston Avenue, Suite 440
Dallas, TX 75214
*Lead Counsel for Plaintiff*

F. Clinton Broden
Broden, Mickelsen, Helms & Snipes, LLP
2600 State Street
Dallas, TX 75204
*Attorneys for Plaintiff*


       */s/ Michael W. Dixon*
       MICHAEL W. DIXON